FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.NY.
★ NOV 08 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
UNITED STATES OF AMERICA,

                    Plaintiff,

       - against -

CONSTANTINE LEE,

                    Defendant.
----------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

08 Cr. 0101 (BMC)

**COGAN,** District Judge.

    Constantine Lee, currently incarcerated, moves *pro se* for "[a]pplication to the Fast Track Program." Lee did not make his motion pursuant to any particular statute or rule.[1] However, it appears that Lee is moving to reduce his sentence. He argues that he should be entitled to a lower sentence and "does not deserve to spend additional months or years in prison" just because he was sentenced in a district that adopted the "Fast Track Program" after he was sentenced. Because his motion to amend his sentence would be time-barred if brought pursuant to Fed. R. Crim. P. 35, the only available procedure for the relief sought is 28 U.S.C. § 2255. See Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001). Section 2255 provides that a defendant may collaterally attack his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

    Liberally construed, the Court would normally treat Lee's motion as a petition for a writ of habeas corpus under Section 2255. However, the Second Circuit has cautioned district courts

---

[1] Although Lee does reference United States Sentencing Guidelines § 5k3.1 and 18 U.S.C. § 3553(a), neither provision provides a United States District Court with the authority to reduce a criminal defendant's *sentence on that defendant's motion.*

against converting mislabeled applications in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") Section 106, 28 U.S.C. § 2244, which prohibits second or successive habeas petitions without the Circuit Court's permission. See Adams v. United States, 155 F.3d 582, 583-84 (2d Cir. 1998) (per curiam). In Adams, the Second Circuit held that "a motion purportedly made under some other rule" should not be

> recharacterize[d] . . . as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

Adams, 155 F.3d at 584; accord Castro v. United States, 540 U.S. 375, 383, 124 S. Ct. 786 (2003) (setting forth limitations on recharacterization of a first § 2255 motion).

Accordingly, Lee is hereby notified that the Court finds that his motion should be construed as a habeas petition under 28 U.S.C. § 2255.[2] This recharacterization means that any subsequent Section 2255 motion will be subject to the restrictions on "second or successive" petitions.[3] Further, the Court advises Lee that any motion under Section 2255 is subject to the one-year statute of limitation period set forth in 28 U.S.C. § 2255(f) and quoted in the footnote below.[4]

---

[2] The Court notes that it gave Lee a similar notification by Order dated September 6, 2012, explaining that his motion to reduce sentence filed on September 5, 2012, would be construed as a habeas petition under 28 U.S.C. § 2255. By letter dated September 18, 2012, Lee stated he did not wish for his motion to reduce sentence to be treated as a habeas petition, and the Court deemed his letter to constitute a withdrawal of his motion without prejudice.

[3] A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

[4] A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

Lee may withdraw his motion if he does not wish to pursue relief under Section 2255, or he may amend his motion so that it contains all the Section 2255 claims he wants this Court to review. Should Lee choose to withdraw or amend the motion, he must notify the Court in writing within 21 days of the date of this Order. If Lee fails to so notify the Court, his motion will be adjudicated under Section 2255. No opposition shall be required at this time and all further proceedings shall be stayed for 30 days from the date of this Order.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       November 8, 2012

---

removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).